IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **HERMITAGE INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CV-10-BE-3275-M |
| ) | |
| **BROWN ROOFING COMPANY, INC.;** ) | |
| and, **VAN STEPHENS, an individual,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OPINION

This matter is before the court on Defendant Brown Roofing Company's "Motion to Dismiss for Failure to State a Claim" (doc. 19). Brown argues that Hermitage Insurance Company has failed to meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. For the reasons stated in this Memorandum Opinion, the court finds that the motion to dismiss is due to be DENIED.

### I. PROCEDURAL HISTORY

On June 24, 2010, Van Stephens filed a lawsuit in the Circuit Court of Calhoun County, Alabama, styled *Van Stephens v. Five Star Roofing, Inc. et al.* Civil Action Number 2010-900287 ("Calhoun suit"). He alleged that Brown was liable for personal injuries sustained while working for Five Star Roofing, Brown's subcontractor. Brown then demanded defense and indemnity from Hermitage pursuant to its Commercial General Liability contract.

1

Next, Hermitage filed this complaint against Brown and Stephens seeking declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure. Hermitage sought a declaration that the terms of its contract with Brown do not establish either a duty to defend or a duty to indemnify Brown on the facts of the Calhoun suit. Brown filed a motion to dismiss this claim for lack of subject matter jurisdiction, specifically alleging that Hermitage had not proven that more than $75,000 was in controversy as required to meet the jurisdictional requirement of 28 U.S.C. § 1332 (2010). Hermitage filed a supplemental opposition and response, revealing new developments in the Calhoun suit that showed a sufficient total amount in controversy by combining defense and indemnity costs. On May 25, 2011, Brown contended in a reply brief that Hermitage's inclusion of the putative damages from the Calhoun suit in its calculation was impermissible because the duty to indemnify issue was not ripe for adjudication until the Calhoun suit reached a liability judgment.

## II. FACTS

The complaint contains the following facts, which the court accepts as true for purposes of this motion.

On April 27, 2009, Stephens stood on a roof, performing his duties as an employee of Five Star, Brown's subcontractor. As he moved about, a soft portion of the roof gave way beneath him. Stephens fell through, landed twenty-five feet below, and suffered serious injuries followed by extensive medical treatment. The injuries required surgery and in-patient hospitalization and affected Stephens's ability to function in the future. He also experienced pain

and suffering. He filed suit against Five Star and Brown in Calhoun County seeking to recover money damages for these injuries; Brown demanded that Hermitage provide defense and indemnity. When Hermitage filed this suit, Stephens had not alleged a specific amount of damages in the Calhoun suit. Hermitage is defending that suit with a full reservation of rights.

The two policies at issue were effective from December 6, 2007 to December 6, 2009. The terms and conditions set forth numerous exceptions that Hermitage cites for the theory that it bears no obligation to defend or indemnify Brown. The policies had a per occurrence limit of $2,000,000.00 and a General Aggregate Limit of $4,000,000.00. Verdicts for construction site negligence in Alabama generally exceed $75,000, exclusive of interest and costs. Hermitage cites three examples show judgments from the past thirty years of $1.1 million, $500,000, and $800,000. Prior to any determination at the state level, Hermitage stated in an affidavit that the cost to defend Brown was $20,000 and estimated the low end of compensatory damages at $56,328.53 (doc. 26 at 11). After Hermitage's filing in this court, Stephens testified at a deposition in the Calhoun suit that his medical costs equaled $60,000.

### III. STANDARD OF LAW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a case if the court lacks subject matter jurisdiction. The party invoking federal jurisdiction bears the burden of establishing subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Federal district courts may exercise jurisdiction over a suit between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332 (2010).

In suits involving indeterminate damages, the party invoking federal jurisdiction must prove the jurisdictional amount by a preponderance of the evidence. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003); *see Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (removal context). Sometimes, this proof is readily apparent from the complaint; but if not, the party invoking jurisdiction must provide additional evidence to satisfy the burden. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (finding amount met because of affidavits and declarations); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (noting that satisfactory amount can be facially apparent). The invoking party may support jurisdiction with a wide range of evidence, including affidavits, declarations, or other documentation. *Pretka*, 608 F.3d at 755.

## IV. DISCUSSION

As noted above, Brown alleged in its motion to dismiss that Hermitage failed to meet the amount in controversy required for diversity jurisdiction. Only in its reply brief did Brown assert that, even assuming the amount in controversy rose above the minimum, the question of whether Hermitage has a duty to indemnify Brown warrants dismissal because the claim is not *ripe*.[1] (doc. 33). The court only reaches the amount in controversy issue, because Brown did not raise ripeness/discretionary jurisdiction in its motion but raised it for the first time in the reply brief and, thus, waived that argument. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009).

---

[1]Although Brown calls this issue one of "ripeness," the use of that term is a misnomer in this case, and the issue in fact would involve whether the court should exercise its *discretionary* jurisdiction over a declaratory judgment action. *See Edwards v. Sharkey*, 747 F.2d 684, 686 (11th Cir. 1984).

### A. Amount in Controversy Under 28 U.S.C. § 1332

The parties agree that they are diverse, so Hermitage must only prove that the amount in controversy exceeds $75,000 to establish diversity jurisdiction. The amount in controversy in a suit for declaratory relief is the monetary benefit that would accrue to the plaintiff should it win. *See Cohen*, 204 F.3d at 1077. If Hermitage won both of its claims, it would shed the costs of both defense and indemnity in the Calhoun suit. Therefore, if these two costs represent a savings of more than $75,000, this court has subject matter jurisdiction.

Stephens did not plead a specific amount of damages in the Calhoun suit, nor did Hermitage claim any amount in its declaratory judgment complaint. Where, as here, jurisdiction rests on a claim for indeterminate damages, the party invoking federal jurisdiction must prove that its claim meets the jurisdictional minimum by a preponderance of the evidence. *McKinnon Motors*, 329 F.3d at 807. Additionally, if a plaintiff has not met this burden merely by the nature of its claims or with an *ad damnum* clause in the complaint, it may submit additional evidence to support jurisdiction. *Pretka*, 608 F.3d at 754. Hermitage has attempted to meet its burden by relying on the pleadings and by submitting two additional pieces of evidence. First, in an affidavit submitted to this court, Hermitage estimated that the cost to defend Brown was $20,000. Second, it submitted recent testimony from the Calhoun suit that shows Stephens's medical costs equaled $60,000.

A court analyzes the amount in controversy at the time of the initial filing, not later. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) (removal context); *see Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) (explaining that likelihood of

success on the merits and what plaintiff will ultimately recover are both largely irrelevant to amount in controversy). However, courts may consider evidence that establishes facts present at the time of filing even if a plaintiff submits the information after the filing. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 947 (11th Cir. 2000) (removal context).

In the instant case, Hermitage has produced evidence that its claim exceeds the jurisdictional amount. First, the Calhoun suit evidence of $60,000 in medical costs relates back to the time of filing because Hermitage seeks to avoid indemnifying those costs in this action. In addition to the evidence of $60,000 in medical costs, the pleadings support Hermitage's claim that more is at stake. In its complaint to this court, Hermitage repeats Stephens's allegations in the Calhoun suit: Stephens fell twenty-five feet, underwent surgery and inpatient medical care, and missed work for a number of months. His complaint in the Calhoun suit also alleges pain and suffering, adding some multiple of medical costs to the amount in controversy. In personal injury cases, medical expenses can serve as a base line for recognizing that a damage award would likely exceed that amount. Stephens also alleged that the injuries affected his potential to work in the future, implicating lost future income. Moreover, some past construction site injury verdicts have well exceeded $75,000. *Cf. Pretka*, 608 F.3d at 753 (suggesting that other cases may constitute supportive evidence when accompanied by specific facts describing present case). Finally, Hermitage estimates its legal costs for defense of the Calhoun suit at $20,000. Therefore, Hermitage has proven by a preponderance of the evidence that if it must defend and indemnify Brown in the Calhoun suit it would expend, *at a minimum*, $80,000. The court thus finds the amount in controversy requirement satisfied.

## V. CONCLUSION

For the reasons stated above, the court finds that Brown's motion to dismiss for lack of jurisdiction is due to be DENIED. The court will enter a separate Order contemporaneously.

DONE and ORDERED this 11th day of August 2011.

_Karon O. Bowdre_
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE